**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**ST. JOSEPH DIVISION**

DANIELA MENDOZA, )
)
Plaintiff, )
)
v. ) Case No. 5:26-cv-06016-RK
)
ANNETT HOLDINGS, INC., TERRENCE )
DIXON, )
)
Defendants. )

## ORDER

This is a negligence action against the driver of a commercial motor vehicle and his employer following an accident. Before the Court is Defendant Annett Holdings, Inc.'s motion to dismiss and/or strike certain paragraphs of Plaintiff's petition. (Doc. 10.) The motion is fully briefed. (Docs. 11, 17.) After careful consideration and review, the Court **ORDERS** that the motion to dismiss and/or strike is **DENIED without prejudice**.

### Background

Plaintiff filed this negligence action against Defendants Annett Holdings, Inc. ("Annett") and Terrence Dixon in the Circuit Court of Platte County, Missouri, on December 15, 2025. (Doc. 1-1.) The action arises from a cargo-related motor vehicle accident. Plaintiff alleges that while she was driving on the interstate, Defendant Dixon was operating a commercial motor vehicle with a flatbed trailer when unsecured and improperly distributed cargo came off the trailer and collided with Plaintiff's motor vehicle. (*Id.* at ¶ 9.) Defendant Dixon's commercial motor vehicle was owned, leased, or otherwise possessed by Defendant Annett, and Defendant Dixon was operating the vehicle within the course and scope of his employment with Defendant Annett. (*Id.* at ¶ 8.)

As against Defendant Annett, Plaintiff alleges claims for both direct negligence (inadequate policies and procedures and negligent hiring, training, supervision) and vicarious liability for Defendant Dixon's negligent operation of the commercial motor vehicle by virtue of the employment relationship. (*Id.* at ¶ 14.) In Defendant Annett's answer, it admits that Defendant Dixon was its employee and acting in the course and scope of his employment at the time of the accident, and therefore, "the doctrine of respondeat superior applies." (Doc. 12 at ¶ 8.) On January

22, 2026, Defendants removed this action to the District Court of the Western District of Missouri, and Defendant Annett filed its motion to dismiss and/or strike on the same day.

**Legal Standard**

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Wilson v. Ark. Dept. of Human Servs.*, 850 F.3d 368, 371 (8th Cir. 2017) (internal quotation marks and citation omitted). While a complaint does not need to include detailed factual allegations, the complaint must allege more than a sheer possibility that a defendant acted unlawfully to survive a motion to dismiss. *Id.* When considering a motion to dismiss for failure to state a claim, the well-pled allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party. *Brown v. Conagra Brands, Inc.*, 131 F.4th 624, 627 (8th Cir. 2025).

As to Defendants' motion to strike portions of the petition, Rule 12(f) permits the Court to "strike from a pleading any insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter." "While striking a party's pleadings is an extreme and disfavored measure, judges have broad discretion to do so when appropriate under Rule 12(f)." *Owens v. Pugsley*, No. 25-00806-CV-W-JAM, 2026 WL 194816, at *2 (W.D. Mo. Jan. 26, 2026) (citing *Stanbury L. Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000); *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007)).

**Discussion**

Defendant Annett moves to dismiss and/or strike Plaintiff's direct negligence claims asserted against it (subparts g and h of paragraph 14), arguing that because it has admitted respondeat superior liability, Plaintiff cannot plead an alternative theory of direct negligence. Defendant Annett relies on *State ex rel. McHaffie v. Bunch*, 891 S.W.2d 822, 826 (Mo. banc 1995), a case where an automobile accident victim, Laura McHaffie, sued the other driver and his employers for negligence arising from the accident. McHaffie alleged two theories of liability against the driver's employers—vicarious liability and direct liability based upon claims of negligent hiring and supervision of the truck driver. The employers appealed following a jury

2

verdict in favor of the McHaffie, arguing that she should not have been permitted to pursue theories of vicarious and direct liability simultaneously at trial. The Missouri Supreme Court agreed and adopted the majority view "that once an employer has admitted respondeat superior liability for a driver's negligence, it is improper to allow a plaintiff to proceed against the employer on any other theory of imputed liability." *Id.* at 826.

Defendant Annett's argument is misplaced for two reasons. First, *McHaffie* addressed whether multiple theories of liability may be submitted *to the jury*—not whether such theories may be pleaded in the alternative at the outset of litigation. At the pleading stage in district court, Rule 8(d) expressly permits a party to assert alternative and even inconsistent claims. That distinction is significant. *See Owens v. Pugsley*, No. 25-00806-CV-W-JAM, 2026 WL 194816, at *3 (W.D. Mo. Jan. 26, 2026) ("the *McHaffie* Rule does not prohibit a plaintiff from pleading alternative theories of recovery at the outset of litigation"); *Lawler v. Baylor Trucking, Inc.*, No. 4:24-CV-00567-SEP, 2025 WL 986914, at *3 (E.D. Mo. Mar. 31, 2025) ("reliance on *McHaffie* at this early stage of litigation is misplaced because 'the holding in *McHaffie* concerns the assessment of fault and submission of evidence at trial and does not prevent Plaintiff from pleading alternative theories of recovery under respondeat superior and negligent hiring, training, and supervision'"). The Court will not require Plaintiff to elect between potentially viable theories of liability before discovery has occurred and the factual record has been developed.

Second, Plaintiff argues that dismissal of her direct negligence claims will deprive her "of the opportunity to discover facts that may provide a reasonable basis for an exception to the *McHaffie* Rule, like punitive damages." (Doc. 17 at 8.) The Court agrees.

In 2013, the Missouri Court of Appeals expressly held that a punitive damages exception to *McHaffie* exists, reasoning:

> If an employer's hiring, training, supervision, or entrustment practices can be characterized as demonstrating complete indifference or a conscious disregard for the safety of others, then the plaintiff would be required to present additional evidence, above and beyond demonstrating the employee's negligence, to support a claim for punitive damages. Unlike in the *McHaffie* scenario, this evidence would have a relevant, non-prejudicial purpose. And because the primary concern in *McHaffie* was the introduction of extraneous, potentially prejudicial evidence, we believe that the rule announced in *McHaffie* does not apply where punitive damages are claimed against the employer, thus making the additional evidence both relevant and material.

3

*Wilson v. Image Flooring, LLC,* 400 S.W.3d 386, 392-93 (Mo. Ct. App. 2013).[1]

Federal district courts have generally applied *Wilson* at the motion-to-dismiss stage and "have held that where an employer might be liable for punitive damages under theories of liability other than respondeat superior, a plaintiff may assert alternative theories of liability against the employer even where the employer has admitted respondeat superior liability." *Mason v. Robinson*, No. 4:22CV649 HEA, 2023 WL 2913574, at \*3 (E.D. Mo. Apr. 12, 2023); *see, e.g.*, *Owens*, 2026 WL 194816, at \*2-3 (recognizing *Wilson*'s punitive damages exception to *McHaffie*; explaining that dismissal of alternative negligence theories at the pleading stage may prevent a plaintiff from developing the facts necessary to support a claim for punitive damages; collecting federal cases applying *Wilson*'s punitive damages exception).

However, *Wilson* also held that "in order to invoke the punitive damages exception, the plaintiff must plead sufficient facts to support a claim for punitive damages—i.e. factual allegations indicating the defendant willfully, wantonly, or maliciously injured the plaintiff by its tortious act." *Kyles v. Celadon Trucking Servs., Inc.*, No. 6:15-CV-03193-MDH, 2015 WL 6143953, at \*3 (W.D. Mo. Oct. 19, 2015) (citing *Wilson*, 400 S.W.3d at 393-94).

Plaintiff acknowledges that she did not allege punitive damages in her Complaint, originally filed in state court—§ 510.261.5, RSMo, bars her from doing so.[2] But, Plaintiff argues that Defendant Annett could be liable for punitive damages that could not otherwise be assessed against Defendant Dixon, which would require her "to present additional evidence, above and beyond demonstrating [Defendant Dixon's] negligence" to support that claim. *Wilson*, 400 S.W.3d at 393. The Court agrees. Dismissal of Plaintiff's direct negligence claims at this juncture is premature. *See Aubuchon v. Tate Trucking, LLC*, No. 4:24CV189 HEA, 2024 WL 4285880, at \*5 (E.D. Mo. Sept. 25, 2024) ("Plaintiff may seek to amend her claims to include punitive damages and may need to obtain discovery (and eventually present evidence) in support of any claims for punitive damages that go above and beyond demonstrating [defendant-employer's] negligence.").

---

[1] In *McHaffie*, the Missouri Supreme Court noted that it was "possible that an employer or an entrustor may be liable for punitive damages which would not be assessed against the employee/entrustee," but it declined to rule on a punitive damages exception because that issue was not present. 891 S.W.2d at 826.

[2] Section 510.261.5, RSMo, prohibits a claim for punitive damages in an initial pleading. Defendants removed this action to federal court on January 22, 2026, and Defendant Annett filed its motion to dismiss and/or strike on the same day. (Docs. 1, 10.)

4

Because Plaintiff has a sufficient legal basis to set forth alternative negligence theories at this juncture, Defendant Annett's motion to dismiss and/or strike is **DENIED without prejudice**.

### Conclusion

After careful consideration and review, the Court **ORDERS** that Defendants' motion to dismiss and/or strike is **DENIED without prejudice**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  April 21, 2026